# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 96-30958
Summary Calendar

GREGORY JOHNSON,

Plaintiff-Appellee,

versus

LOUISIANA, STATE OF, Department
of Public Safety and Corrections,

Defendant

PAUL W. FONTENOT, Deputy Secretary,
Department of Public Safety and Corrections;
JOHN WATSON, Sergeant, Department of
Public Safety and Corrections; LINDA CLARK,
Motor Vehicle Officer; SHIRLEY ARMSTRONG,
Vehicle Officer; JEFFREY K. WATTS, Trooper,

Defendants-Appellants.

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-4079-C)

March 24, 1997

Before POLITZ, Chief Judge, KING and PARKER, Circuit Judges.

POLITZ, Chief Judge:[*]

Defendants Paul Fontenot, John Watson, Linda Clark, Shirley Armstrong, and Jeffrey Watts appeal the district court's refusal to grant their motion to dismiss Gregory Johnson's 42 U.S.C. § 1983 claim on the grounds of qualified immunity. For the reasons assigned, we dismiss their appeal.

Johnson was employed by the Louisiana Department of Public Safety and Corrections as a motor vehicle police officer from October 1989 to December 1994. Johnson alleges that on June 3, 1994 Sergeant Watson told him that he intended to fondle Officer Linda Clark's breasts. Later that day Johnson asked Clark whether Watson had tried to touch her. Clark initially said that he had not, but the next day Johnson claims that she said otherwise. Johnson urged Clark to report the incident but she refused, not wishing to deal with the questions and embarrassment associated with making such a report. Johnson claims that on July 25, 1994 Officer Shirley Armstrong came into his office and, in the presence of Officer Bertney Williams, corroborated Clark's earlier admission and said that Watson had attempted again to touch Clark's breasts.

Johnson and several other officers complained to the Internal Affairs

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Division of the Department about Watson's inappropriate behavior towards Clark. When questioned, Clark denied that Watson had tried to touch her breasts. Johnson requested an investigation which concluded that his allegations were false. Fontenot, Deputy Secretary of the Department, then ordered an investigation of Johnson, appointing Watts to the task. After interviewing Clark, Armstrong, Johnson, and Officer Theresa Gendusa, Watts concluded that Johnson had fabricated the allegations of sexual harassment. Fontenot terminated Johnson's employment on December 9, 1994, doing so on the basis of Watts' report. Johnson complains that both investigations were faulty because there was no interview of witnesses who would have supported his charges.

Johnson filed the instant action, invoking 42 U.S.C. §§ 1983 and 1988, charging the defendants with violating his first and fourteenth amendment rights by retaliating against him for speaking out on matters of public concern. The district court partially granted defendants' first motion, dismissing Johnson's claims against the state and the individual defendants in their official capacities. The court refused, however, to dismiss the claims against the defendants in their individual capacities. The defendants filed a second Rule 12(b)(6) motion to dismiss, asserting qualified immunity. The district court denied that motion and defendants timely appealed.

We must first determine whether we have jurisdiction to review the district court's denial of the defendants' motion to dismiss which was based on their claim of qualified immunity.  We typically lack jurisdiction to review the denial of a Rule 12(b)(6) motion because such an order is interlocutory.  Under the **Cohen**[1] collateral order doctrine, however, a district court's decision is appealable if it: (1) conclusively determines the disputed question, (2) resolves an important issue that is separated completely from the merits of the case, and (3) effectively would be unreviewable on appeal from a final judgment.  In **Mitchell v. Forsyth**,[2] the Supreme Court carved out special treatment for appeal of the denial of a defendant's motion to dismiss on the ground of qualified immunity, stating:

> An appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim.  All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions . . . .[3]

In **Johnson v. Jones,** the Court clarified the **Cohen** doctrine within the context of

---

[1] **Cohen v. Beneficial Indus. Loan Corp.**, 337 U.S. 541 (1949).  See also **Johnson v. Jones**, 115 S.Ct. 2151 (1995); **Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.**, 506 U.S. 139 (1993).

[2] 472 U.S. 511 (1985).

[3] **Id.** at 528.

qualified immunity. **Johnson** concluded that the district court's denial of summary judgment in a qualified immunity case was not appealable when it determined only a question of evidence sufficiency.[4] The Court explained that when a defendant challenges the district court's determination that the evidence is sufficient to permit a particular finding of fact after trial, the question is too similar to the fact-related legal issues that underlie the plaintiff's claim to satisfy **Cohen**'s separability requirement.[5] The Court also noted that an interlocutory appeal of this kind would be an unwise use of judicial resources because the appellate court likely would face the same or a very similar issue in a successive appeal.[6]

In the instant case, appellants assert that the district court's order is appealable because Johnson "failed to state a violation of a clearly established statutory or constitutional right." They claim that they are entitled to qualified immunity "because it is not clearly established that a public employee may pursue false allegations of sexual harassment and disrupt the work environment." Although purporting to challenge the district court's order on a question of law, appellants actually are disputing the court's evidentiary evaluation.

---

[4] **Johnson** at 2156.

[5] **Id.**

[6] **Id.** at 2158.

The district court found that Johnson alleged facts sufficient to establish a claim under section 1983. Appellants' attempt to characterize the appeal as one based exclusively on the existence or nonexistence of a clearly established right, as it must be to be appealable, is not persuasive. We have held that the first amendment protects a public employee's reports of sexual harassment, if found to be made in good faith, because maintaining a police force free from the adverse effects of sexual harassment is a matter of public concern.[7] Johnson has alleged a violation of a clearly established rule. We have before us an evidentiary dispute; this appeal is, accordingly, DISMISSED.

---

[7] **Wilson v. UT Health Ctr.**, 973 F.2d 1263 (5th Cir. 1992), <u>cert</u>. <u>denied</u>, 507 S.Ct. 1004 (1993).